PUMPHREY, Appellant, v. FOWLER et al.,
Respondents.

St. Louis Court of Appeals, March 19, 1907.

**APPELLATE PRACTICE: Prima Facie Case: Substantial Evidence.** The verdict of the trial court in this case, being supported by substantial evidence, will not be disturbed by the appellate court.

Appeal from Ozark Circuit Court.—*Hon. John T. Moore,*
Judge.

AFFIRMED.

*Geo. W. Boone* for appellant.

*McClendon & Conrad* for respondents.

BLAND, P. J.—The action is upon the following promissory note:

"$100. West Plains, Mo., June 6, 1903.

Six months after date we promise to pay to the order of J. W. Pumphrey, one hundred dollars, for value received, payable at the West Plains Bank, West Plains, Mo., with interest from maturity at the rate of eight per cent per annum, payable, annually; and if the interest be not paid annually, or when due, to be added to and become a part of the principal and bear the same rate of interest.

W. L. FOWLER.

When due, Dec. 9, 1903     D. E. FOWLER.

No. 1052.     J. M. KESSNER."

The answer admitted the execution of the note and pleaded payment. The issues were submitted to the court, sitting as a jury, who, after hearing the evidence, found for defendants and rendered judgment accordingly, from which plaintiff appealed.

In proof of payment, defendants offered the following receipt:

"Rec'd of D. F. Fowler $106 in full for $106 note signed by D. F. Fowler, Lon Fowler and James Kessner.
                                    "J. W. PUMPHREY."

Plaintiff testified the receipt, as he gave it, was given to David Fowler for payment of a note signed by said Fowler and one Smith, and that the receipt had been altered, by writing the name of Kessner in it, after it had been delivered to Fowler and also by changing the date, and that other material alterations had been made. Witness testified that no part of the note sued on had been paid. Defendant's evidence tended to show that the receipt had not been altered or changed in any manner whatever, that it was given for payment of the note sued on, and that at the time the note was paid it was not in the possession of the plaintiff but had been deposited by him in a bank at West Plains. A good deal of evidence pro and con was introduced as to whether or not the receipt was for the payment of the note in suit, or for the payment of another note for the same amount, executed by Daniel Fowler and one Smith; also as to whether or not the receipt had been changed by inserting Kessner's name after it was delivered to Fowler.

At the close of all the evidence plaintiff moved the court to declare as a matter of law, that plaintiff was entitled to recover. The court refused to so declare the law but gave all other declarations of law asked by plaintiff. No declarations of law were asked or given on behalf of defendants. In this state of the record, the only question in the case for decision, is whether or no there is substantial evidence in support of the finding and judgment of the trial court; if there is, then plaintiff's peremptory instruction was properly denied, and the finding and judgment of the lower court should be affirmed. The receipt offered in evidence by defendants

was evidence. of the payment of the note. ·Plaintiff, as he had a right to do, undertook to destroy the probative force of the receipt by introducing testimony tending to show it had been materially altered after it was given. On the other hand, defendants offered testimony tending to prove. the receipt had not been tampered with. The same remarks apply to the efforts of plaintiff to prove the receipt was given in payment of another and different note. It was peculiarly the province of the trier of these issues of fact to pass upon these disputed questions, and as his findings are supported by substantial evidence, it is our duty to affirm the judgment.

The judgment is affirmed. All concur.